# EXHIBIT 5

## O lpwvg'' T gr qt v

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 12/02/2024                    TIME: 5:00 PM            DEPT: C-66

JUDICIAL OFFICER: WENDY M. BEHAN
CLERK: Bernice Orihuela
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2020-00016638-CU-PO-CTL** CASE INIT.DATE: 05/26/2020
CASE TITLE: **Goldstein vs Earnest [EFILE]**
CASE CATEGORY: Civil        CASE TYPE: (U)Other PI/PD/WD: PI/PD Other

**HEARING TYPE**: Ex Parte
MOVING PARTY:

**APPEARANCES**

The Court having taken this matter under submission on 10/11/24, now rules as follows:

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Request for Further Continuance

The Court DENIES the request for further continuance requested in the Opposition brief. At the hearing, counsel for plaintiffs indicated that they were no longer requesting a continuance. Plaintiffs have not met the standards for a further continuance under California Code of Civil Procedure § 437c, subdivision (h).

Evidentiary Objections/Request for Judicial Notice

The Court OVERRULES Plaintiffs' Objections to Smith & Wesson's Request for Judicial Notice. The Court GRANTS Judicial Notice as requested.

The Court OVERRULES Plaintiffs' Objections to the Declaration of Derek L. Watkins.

The Court OVERRULES Plaintiffs' Objections to Exhibit A and Exhibit L to the Declaration of Chris M. Young.

The Court SUSTAINS Smith & Wesson's Objections to the Declaration of Harold Falber.

SWBI_000000082

The Court SUSTAINS Smith & Wesson's Objections to the Declaration of Robert J. Dolan and Exhibits.

The Court SUSTAINS Smith & Wesson's Objections to the Declaration of Samuel D. Jubelirer and Exhibits as to Objection Nos. 1-10; Objections Nos. 11-17 are OVERRULED.

The Court SUSTAINS Smith & Wesson's Objections to the Supplemental Declaration of Robert J. Dolan and Exhibits.

**Defendant SMITH & WESSON BRANDS, INC. f/k/a AMERICAN OUTDOOR BRANDS CORPORATION's Motion for Summary Judgment is GRANTED.**

The Court finds that the claims asserted are immune under the Protection of Lawful Commerce in Arms Act (PLCAA).

Under federal law, civil actions for damages and injunctive relief against firearm manufacturers and sellers arising from the criminal misuse of firearms are generally preempted by the Protection of Lawful Commerce in Arms Act (PLCAA), which provides manufacturers and sellers with immunity against "civil action[s] ... for damages ... injunctive relief ... or other relief, resulting from the criminal or unlawful misuse" of firearms. 15 U.S.C. § 7903(5)(A). A cause of action that meets the definition of a "qualified civil liability action" shall not be brought in any federal or state court. 15 U.S.C. § 7902(a).

The PLCAA, both in its operative provisions and statements of purpose, clearly reveals congressional intent to prohibit state common law causes of action that meet the definition of a qualified civil liability action. See Ileto, 565 F. 3d at 1142-43 ("[C]ongressional intent to [preempt state tort claims] is clear from the text and purpose of the [PLCAA].")

With this definition of prohibited causes of action, Congress created broad immunity for firearm manufacturers, subject to certain limited exceptions. 15 U.S.C. §§ 7903(5)(A)(i)-(vi). A viable state law cause action that fits within one of six enumerated exceptions is not prohibited.

At issue in this motion is the "predicate exception," which permits "[a]ctions where a manufacturer or seller knowingly violated a State or Federal Statute applicable to the sale or marketing of the product, where violation proximately caused the harm sued upon[.]" 15 U.S.C. § 7903(5)(A)(iii). Courts have held that PLCAA's "predicate exception" permits the entire "action in which" a predicate statutory violation is alleged to proceed, meaning that all claims survive—including simple negligence or nuisance claims which do not otherwise fall within an enumerated exception.

CASE TITLE: Goldstein vs Earnest [EFILE]                CASE NO: **37-2020-00016638-CU-PO-CTL**

The pleadings in this case allege that that Smith & Wesson knowingly violated, either directly or as an accomplice/conspirator: (1) California's prohibition on the possession of "assault weapon[s]" (Cal. Pen. Code 30515(a)(1)(A); 30605); (2) federal law's prohibition on the sale of automatic fire "machinegun[s]" to the general public (18 U.S.C. 922(b)(4)); and (3) California's prohibition on "deceptive, untrue or misleading advertising" under the UCL.

(1) Penal Code Section 30600

Plaintiffs previously withdrew allegations that the shooter modified the rifle's grip into an illegal "pistol grip" under Penal Code § 30515, and the Court struck these claims from the First Amended Complaint. However, the later-filed Second Amended Complaint (SAC) reasserts these allegations and suggests that unspecified modifications rendered the rifle an "assault weapon." Under Penal Code § 30600, it is a felony to sell an assault weapon, but the M&P 15 does not fall under the defined categories of prohibited firearms. The undisputed evidence shows the rifle lacked any features that would classify it as an assault weapon, and there is no legal basis to claim it becomes one simply because it could be modified post-sale.

(2) Federal Statute prohibiting sale of automatic fire machine guns.

Plaintiffs allege that the rifle used in the shooting was a fully automatic "machinegun" because it could allegedly be modified, thereby violating 18 U.S.C. § 922(b)(4). However, the evidence shows the rifle used, the M&P 15, is a California-compliant semi-automatic rifle not designed to function as a machinegun. The US Supreme Court recently held in Garland v. Cargill (2024) 602 U.S.406, 410: "[s]emi-automatic firearms, which require shooters to reengage the trigger for every shot, are not machineguns" as defined in 26 U.S.C. § 5845(b).

While plaintiffs argue that modifications could make the rifle illegal, there is no evidence that the shooter intended to or did modify the firearm. Forty-year-old ATF agency interpretations relied upon by plaintiffs are not binding on this court and ultimately lack relevance due to the lack of ambiguity in the statutory definition of a machinegun, which excludes firearms not originally designed for automatic fire.  The evidence remains undisputed that that Smith & Wesson "S&W" manufactured the rifle as a semi-automatic firearm, and the shooter used the rifle as a semi-automatic firearm. (SSUF 3-7, 10, 12.)

The Causation Problem in both PLCAA and State law

Even if modifiable semi-automatic centerfire rifles were deemed illegal "assault weapons," there is a significant causation issue. To qualify for the "predicate exception," any statutory violation must "proximately cause the harm sued upon" (15 U.S.C. § 7903(5)(A)(iii)). Proximate cause requires a direct, unbroken link between the violation and the injury. State of California v. Superior Court (1984) 150

---

DATE: 12/02/2024                MINUTE ORDER                Page 3

SWBI_000000084

Cal.App.3d 848, 857. As stated above, the evidence shows that the shooter did not modify the rifle's grip to enable a rapid-fire shooting, making it unreasonable for a jury to conclude that his ability to modify the grip—something he did not do—was a factor in his attack on the synagogue. Additionally, it is unjust to hold S&W liable for injuries stemming from a grip modification that played no role in the harm suffered by the plaintiffs.

(3) Deceptive advertising.

Plaintiffs assert that violations of the California Unfair Competition Law (UCL) support the predicate exception under the PLCAA. Based on oral argument, this appears to be plaintiffs' primary theory of recovery.

Plaintiffs claim that specific advertisements, such as "The Chosen One," falsely imply extensive use by police agencies, and suggest that S&W's marketing promotes unlawful use of its products. Plaintiffs rely on testimony from former VP Mr. Falber to argue that these ads are misleading and lack substantiation.

The shooter was no doubt "aware of Smith & Wesson." (Supp. Opp. at 14.) After all, he purchased a S&W firearm. However, Plaintiffs make a leap in logic in arguing that the shooter's mere knowledge of the S&W brand shows he was motivated to act criminally. (Id.) Although after the shooting, the shooter told the 911 dispatcher that he had a "Smith & Wesson M&P 15 rifle" in his car, he did so only after being asked twice by the dispatcher, "What kind of weapons do you have?" (See Jubelirer Declaration, ¶ 27, dated May 5, 2023). It is decidedly unreasonable to infer that his answers to the dispatcher's questions identifying the firearm is evidence S&W motivated him to act criminally. See Cal. Code Cov. Pro. 437c(c) (the court is to consider only "reasonable inferences deducible from the evidence").

Plaintiffs also rely on a 38-minute YouTube video by "brand ambassador" Jerry Miculek. First, it is unclear that plaintiff even viewed the key portions of the video relied upon by plaintiffs. As evidenced by the records submitted by the San Diego County Sheriff's Department, the shooter opened the video on April 14, 2019, at 5:40:35 pm, and **seven seconds** later opened a different link—one about the components of the AR-15. (See Jubelirer Decl., Ex. F, dated August 2, 2014). Given the shooter's likely brief interaction with this video, it is unreasonable to infer that it played a role in motivating the shooter's criminal actions.

Even assuming plaintiff viewed the Miculek video in its entirety, the Court cannot infer the video actively targets criminal shooters. The video is not direct marketing tools of Smith & Wesson. Even so, the video primarily features discussions of the history, design, and technical characteristics of AR-type rifles, as well as a demonstration of shooting on targets like cardboard and plastic bottles.

The bottom line is that it is too speculative to infer a causal connection between the YouTube videos and the shooting. Baseless speculation cannot defeat summary judgment. See *Soto v. Bushmaster Firearms International LLC* (2019) 331 Conn. 53, 98 (noting that proving a link between alleged wrongful advertising and a shooter's criminal motivation is a "Herculean task"); *Lowy v. Daniels Defense, LLC* (E.D. VA. July 24, 2024) 2024 WL 3521508 (dismissing wrongful advertising claims where the connection between the shooter's motivation and the defendant's advertising was conclusory and unsupported).

Ultimately, even if S&W's ads encouraged illegal activity, there is no evidence linking the shooter's actions directly to these advertisements. The shooter's mention of the rifle to a dispatcher does not reasonably imply that S&W's marketing motivated his attack.

(4)    Plaintiffs' Negligence and Public Nuisance Claims

Plaintiffs do not allege in their Third Cause of Action for negligence or their Sixth Cause of Action for public nuisance that S&W violated the California Unfair Competition Law ("UCL"). Rather, each cause of action is based only on alleged common law duties. Thus, the claims based on these causes of action constitute a qualified civil liability action subject to dismissal under the PLCAA. Ileto v. Glock, Inc., (9th Cir. 2009) 565 F.3d 1126 (dismissing common law negligence and public nuisance claims under the PLCAA).

Plaintiffs argue that although UCL violations are not pled in their Third and Sixth Causes of Action, they are proceeding under the UCL's "unlawful" prong. (Supp. Opp. at 18 ("S&W's unlawful marketing of the M&P 15 rifle.")) However, UCL actions under the "unlawful" prong must borrow conduct from other statutes, and Plaintiffs have not alleged that S&W violated any statutory obligation other than their claim that S&W violated the federal statutory proscription on selling "machineguns," which the Court above finds to be without merit. See Davis v. HSBC Bank Nevada, N.A., (9th Cir. 2012) 691 F.3d 1152, 1168 ("To be unlawful under the UCL, the advertisements must violate another 'borrowed' law.'")

(5)    Liability for San Diego Guns

Plaintiffs argue that S&W had a duty to exercise control over San Diego Guns' retail sales. However, this is a common law negligence claim, not a claim based on a violation of a statute applicable to the sale of firearms. On that basis alone, the claim is a qualified civil liability action subject to dismissal under the PLCAA. Ileto v. Glock, Inc., (9th Cir. 2009) 565 F.3d 1126 (dismissing common law negligence and public nuisance claims under the PLCAA).

Even reaching the merits, the claim lacks evidentiary support. Plaintiffs argue that S&W had control over San Diego Guns "but chose not to exercise" it. (Supp. Opp. at 24). There is no evidence that S&W exercised any supervisory control over the method and way San Diego Guns went about its business of selling and transferring firearms to its retail customers under federal and state law.

Based on the above, the Court finds in favor of the moving party and GRANTS summary judgment. Smith & Wesson is to provide a judgment for the Court's signature.

IT IS SO ORDERED.

*Wendy M. Behan*

Judge Wendy M. Behan